AYRES, Judge.
This action is upon a verbal contract for the repair of a John Deere forklift loader, a piece of equipment used in logging or other similar forest-product operations. Plaintiff claimed the sum of $3,061.71 less a credit of $1,500.00. Defendant contends that the payment for which he was given credit extinguished the indebtedness in full. The trial court found that defendant was indebted for the repairs in the sum of $1,800.00 plus $263.50 expended by plaintiff for a portion of the work contracted to others and a sales tax of $82.54. On giving credit for the payment made, judgment was rendered in plaintiffs favor for a balance incorrectly calculated in the principal sum of $645.04 instead of $646.04. From the judgment thus rendered and signed, both plaintiff and defendant appealed.
*369 The record disclosed that beginning in early June of 1973 plaintiff, at defendant’s request, performed the necessary labor and supplied the parts to repair the described equipment. It appears that, without an inspection of the machinery, plaintiff gave a tentative estimate of the cost of the repairs to the engine of the equipment at $1,000.00. After the engine was dismantled, its condition was disclosed to be much worse than anticipated and that it would take approximately $1,800.00 to repair it. Thereupon plaintiff’s service manager contacted defendant by telephone and advised him of that fact. Defendant instructed that the work be proceeded with. Upon completion of those repairs to the engine, the piece of machinery was again tested and it was ascertained that the forklift would not operate because the mast was found to be warped or bent. In addition, problems developed with respect to the steering mechanism and to the unit’s suspension. That repair was also found to be essential before the machinery would be usable.
The service manager again contacted defendant and advised him of the necessity for the additional repairs to put the equipment in first-class condition. Defendant then directed that plaintiff proceed with the repairs for the purpose of getting the machinery in operation and in satisfactory service. This, defendant instructed should be done since the work had progressed to the extent that it had. The repairs were completed and the defendant was given notice thereof early in July of 1973. On July 5, 1973, defendant, accompanied by his son, Mark Johnson, went to plaintiff’s place of business in Alexandria to get the piece of machinery. On that occasion, the service manager advised defendant of the cost of the repairs. Defendant commented that the cost was high, exceeded his expectations and plaintiff’s estimate, but that, nevertheless, the machinery was to be repaired and placed in operable condition.
Defendant inquired as to whether payment could be made in the sum of $1,500.00 cash and the balance deferred for a period of 30 days. This request was made of Douglas H. Tidwell, plaintiff’s office manager, who thereupon inquired of plaintiff’s president, C. R. Tidwell, Jr., as to whether it would be in order to agree to the terms suggested by defendant. This offer was acceded to and defendant accordingly gave his check in the sum of $1,500.00. The invoice was credited accordingly. Also endorsed on the invoice was the additional notation: “Balance in 30 days.” This notation appeared on plaintiff’s copy of the invoice as well as on the copy furnished defendant either at that time or subsequently mailed to him.
Defendant, according to his testimony, was not positive that he was shown a copy of the invoice at the time he made payment. However, the service manager testified, as did defendant’s son, Mark Johnson, that the invoice was displayed to defendant at the time of the partial payment. The invoice disclosed a total sum for the repairs, for labor and materials, of $2,882.11, including sales taxes. An invoice dated July 9, 1973, however, showed a charge of $179.60, including sales taxes, for a starting motor which was installed on the machinery and not otherwise invoiced. This transaction was described as an over-the-counter sale.
Also offered in evidence, in addition to the aforesaid invoices, was a detailed statement with reference to the hours of labor performed in connection with the repairs which aggregated 126.12 hours invoiced in the sum of $1,160.80. The trial court rejected plaintiff’s demands for this item, apparently because a discrepancy existed in the calculation of the amount for labor at $10.50 per hour. Whatever discrepancy existed, if any, it inured to defendant’s advantage to the extent of $163.46. The record discloses that for the work done the charges were usual and customary. It is not contended that any of the materials furnished or labor performed were unnecessary nor that they were not actually utilized.
*370 We conclude from the above observations that plaintiff’s claim has been adequately established to a legal certainty by a preponderance of the evidence. For the reasons assigned, the judgment appealed is amended and, as amended, affirmed and recast to read:
It is ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiff, Louisiana Equipment Corporation (C. R. Tidwell, Jr., liquidator), against the defendant, J. J. (Ned) Johnson, d. b. a. Kisatchie Wood Products, in the full sum of $1,561.71, with legal interest thereon from judicial demand until paid, and for all costs; and that, as thus amended and recast, it be affirmed at defendant’s costs.
Amended and affirmed.